MAX N. TOBIAS, JR., Judge.
[!Justo E. Roque, Jr., plaintiff/appellant, appeals a judgment that affirmed a decision by the Louisiana Department of Children and Family Services (hereafter referred to as “Family Services”), determining the amount of benefits to which Mr. Roque was entitled from 1 January 2012 to February 2014. In addition, we review the decisions rendered on 5 March 2012 and 12 March 2012 by the Louisiana Division of Administrative Law that were also affirmed by the trial court. After reviewing the record and applicable law, we affirm the judgment of the trial court.
*1222 The facts of this case are essentially undisputed. Mr. Roque was disabled in 2005. In addition, to receiving Supplemental Security Income payments from the Social Security Administration, he is also a participant in the Supplemental Nutrition Assistance Program (“SNAP”)[1] administered by Family Services. Eligibility for SNAP is regulated by the Food and Nutrition Service of the United States Department of Agriculture (“USDA”). The regulations governing eligibility are found in 7 C.F.R. 271 through 285. Family Services is the Louisiana state agency authorized to administer and distribute funds under the program and Family | ^Services must comply with federal regulations to determine eligibility and the amounts necessary to meet the needs of qualified households.
In December 2011, Mr. Roque was receiving Supplemental Security Income in the monthly amount of $607 and SNAP benefits in the amount of $86 per month. In late November 2011, he received a Notice of Change of Payment from the Social Security Administration indicating that he would be receiving a cost-of-living increase starting in January 2012, resulting in a total monthly amount of $698, an increase of $91 per month. In mid-December 2011, Mr. Roque received a “mass change” letter from DCFS stating that in light of his increase of income, his monthly SNAP benefits would be reduced from $86 to $41. The amount of $41 was paid to Mr. Roque for one month; the following month, the payment was adjusted to $62 because one of his allowable expenses (rent) had increased.
Mr. Roque appealed the reduction and requested a fair hearing. In a letter dated 26 January 2012, the Louisiana Division of Administrative Law notified Mr. Roque at his current address that his fair hearing request had been granted and he would be notified of an upcoming hearing date. In a 16 February 2012 letter, Mr. Roque was advised that his fair hearing would be held by telephone conference on 5 March 2012 at 10:00 a.m.; he was provided with instructions on how to initiate the call. The record reflects that Mr. Roque did not call in on the date and time set; the matter was considered abandoned after the hearing officer .allowed an additional fifteen minutes for Mr. Roque to call.
|sOn 12 March 2012, Mr. Roque filed a petition for rehearing with the Louisiana Division of Administrative Law. The request was denied on the basis that Mr. Roque did not set forth or explain any grounds for a rehearing as set forth in and required by La. R.S. 49:959 (which includes “other good grounds for further consideration of the issues and the evidence in the public interest[.]”) and that the order terminating adjudication was not contrary to the law.
Mr. Roque filed a petition for judicial review with the 19th Judicial District Court for East Baton Rouge Parish as required by law, but was unable to travel to Baton Rouge to litigate his case. By agreement of the parties and order of the 19th Judicial District Court, the case was transferred to Orleans Parish Civil District Court where it was heard on 22 May 2014. At the time of trial, the court noted that Mr. Roque was then receiving $90 per month in SNAP benefits. After oral argument and the presentation of evidence, the trial court ruled in favor of Family Services; .reasons for judgment were issued on 17 June 2014.[2] This timely appeal followed.
*1223 Mr. Roque’s appeal does not assign any errors for our review.[3] In any event, we understand Mr. Roque’s complaint, that being that Family Services intentionally and improperly applied federal and state law, statutes, and regulations and reduced his SNAP benefits from 2012 until March 2014, when the amount was ^increased. Mr. Roque does not address the issue that he missed the date of his fair hearing and that his request for rehearing was denied. In any event, we address both issues to provide the parties with a complete decision.
When across-the-board changes are made that affect the benefits of many, a “mass change” letter is sent out. When providing guidance on mass changes, federal law, as found in 7 C.F.R. 273.12(e) states that “Certain changes are initiated by the State or Federal government which may affect the entire caseload or significant portions of the caseload. These changes include, but are not limited to, adjustments to the income eligibility standards, the shelter and dependent care deductions, the maximum food stamp allotment and the standard deduction; annual and seasonal adjustments to State utility standards; periodic cost-of-living adjustments to Retirement, Survivors, and Disability Insurance (RSDI), Supplemental Security Income (SSI) and other Federal benefits.” When these changes increase the amount of income one receives, offsets are often made to other public assistance, in this case, SNAP. The offsets to SNAP affected thousands of Louisiana residents also receiving public assistance in addition to Mr. Roque.
However, the law provided Mr. Roque with the opportunity to address his grievances. Pursuant to 7 C.F.R. 273.15, Mr. Roque requested, and was granted, a fair hearing on 5 March 2012. Unfortunately, he was unable to “appear” by telephone on 5 March 2012 at 10:00 a.m. The record even reflects that the hearing | ¡¡officer gave Mr. Roque an extra fifteen minutes before adjourning the hearing at approximately 10:15 a.m.
In a pleading filed the next day, Mr. Roque states that he called to access the teleconference services at 9:05 a.m., 9:15 a.m., and 9:30 a.m.; the teleconference service did not respond. On 12 March 2012, Mr. Roque filed another pleading, acknowledging the correct hearing time of 10:00 a.m., along with the phone number he was supposed to call for the telephone hearing to take place. However, Mr. Ro-que provided no reason for missing the hearing; thus, the rehearing was denied.
In denying the request for rehearing, the Louisiana Division of Administrative Law recognized the grounds for rehearing and found none present in Mr. Roque’s case. La. R.S. 49:959 provides in pertinent part:
A. A decision or order in a case of adjudication shall be subject to rehearing, reopening, or reconsideration by the agency, within ten days from the date of its entry. The grounds for such action shall be either that:
(1) The decision or order is clearly contrary to the law and the evidence;
(2) The party has discovered since the hearing evidence important to the issues which he could not have with *1224 due diligence obtained before or during the hearing;
(3) There is a showing that issues not previously considered ought to be examined in order properly to dispose of the matter; or
(4) There is other good ground for further consideration of the issues and the evidence in the public interest.
| fiThe Louisiana Division of Administrative Law stated that Mr. Roque did not provide any additional evidence that would warrant a rehearing. Because it is substantially certain that his initial appeal, had he appeared, would have been denied, we cannot say and do not find that the Louisiana Division of Administrative Law erred in denying the rehearing.
Administrative procedure under Louisiana law provides judicial review of a decision from a department of the state of Louisiana. La. R.S. 49:964 A(l) states in pertinent part:
[A] person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.
Under La. R.S. 49:964 G(6), the reviewing court may not reverse or modify an administrative decision, unless the reviewing court determines by a preponderance of the evidence after an independent review of the record, that the department’s decision prejudiced substantial rights of the appellant. Doe v. Louisiana State Board of Medical Examiners, 00-1987, p. 7 (La.App. 4 Cir. 5/30/01), 788 So.2d 1234, 1238. We do not find that Mr. Roque’s rights were prejudiced by a denial of his motion for rehearing. We find that the trial court was correct when it affirmed the decision by the Louisiana Division of Administrative Law denying the rehearing request.
|7We have also reviewed the record that contains Mr. Roque’s numerous allegations set forth in voluminous, repetitive filings in the trial court regarding the calculation of his benefits. We find neither evidence of prejudice, conspiracy, collusion, and/or fraud in the determination of his benefits level nor any error in calculations. Family Services has no discretion in what it may or may not consider as “expenses.” Family Services has no discretion in how the calculations are to be made. In its reasons for judgment, the trial court stated:
The Summary of Evidence made a part of the appeal record for purposes of the fair hearing reflect that the expenses allotted by the Department were in line with policy and the Department cannot consider every expense as a necessary deduction [from Mr. Roque’s income]. This Court finds that DCFS [Louisiana Division of Administrative Law] did issue benefits accordingly for the time period in question and petitioner provided no additional evidence to support that an under-issuance in benefits existed.
To the extent that this issue is properly before us, we find no error by the trial court.
Based on our foregoing review of the law and pleadings, we affirm the judgment of the trial court.

AFFIRMED.

. SNAP payments are the equivalent of food stamps.

. We note that Mr. Roque’s first language is Spanish, having emigrated from Cuba as a young adult. We commend the trial court for *1223 using an interpreter at the trial on 22 May 2014.

. See Uniform Rules of the Louisiana Courts of Appeal, Rule 2-12.4(5); see also La. C.C.P. art. 2129. However, because Mr. Roque is representing himself and has limited knowledge of the law, we will not dismiss his appeal for failing to comply with the rules of court.?